IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 99-00316 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| RODOLFO ZEPEDA-MORENO, | |
| Defendant. / | |

In July of 1999, Defendant was indicted for entering the United States illegally in violation of 8 U.S.C. § 1326. According to the indictment, Defendant had previously been deported from this country six times, in 1977, 1980, 1985, 1988, 1996, and 1997, and had nonetheless reentered the country. Defendant entered a plea of guilty, and in December of 1999, this Court sentenced him to fifty-seven months of imprisonment and three years of supervised release. Upon his release in 2003, Defendant was deported to Mexico.

In February of 2005, the Court issued a bench warrant for Defendant's arrest. The warrant was based on a violation of one of the terms of Defendant's supervised release, namely, the requirement that he not reenter the United States (which he did, on or about September 20, 2004).

Now pending before the Court is a motion filed by Defendant that challenges the revocation of his term of supervised release. In support of this motion, Defendant sets forth

several arguments: (1) that the bench warrant for his arrest was invalid because it was not supported by "oath or affirmation" as required by the Fourth Amendment, (2) that revocation of his supervised release is improper because the government did not adequately inform him of the terms of his supervised release, and (3) that the term of supervised release imposed on him was improper in the first place because 8 U.S.C. § 1326 does not require such a term of supervised release, and (4) that the imposition of supervised release somehow violated Defendant's right to a jury trial under the Sixth Amendment.  None of these arguments are persuasive.

     First, the bench warrant for Defendant's arrest *was* supported by oath or affirmation, namely, the oath of probation officers Richard Ortiz and Marlana Peter.  Second, Defendant *was* informed of the terms and conditions of supervised release, both orally by this Court at sentencing and in writing by service of a copy of the judgment in this case, which specifically provides that "[t]he defendant shall not commit another federal, state, or local crime," including the crime of illegal reentry into the United States.  Third, the term of supervised release was entirely proper in this case.  Although Defendant may be correct in his argument that nothing *requires* the imposition of a term of supervised released for a violation of 8 U.S.C. § 1326, he points to no authority for the proposition that a term of supervised release is *prohibited*.  Therefore, even assuming the correctness of Defendant's argument (an issue that the Court does not reach), it does not affect the legality of his sentence, for there is nothing to suggest that this Court was not well within its authority to impose a term of supervised release.  Fourth, the Court is unpersuaded that any of the terms or circumstances of Defendant's sentencing run afoul of the Sixth Amendment.  To begin, at the time of Defendant's sentencing, the Supreme Court had not established that there was anything improper about any judicial factfinding during the sentencing process, and the Ninth Circuit has established the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2004), does not apply retroactively.  See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005).  Further, even if those Sixth Amendment principles applied to this case, Defendant still could not prevail, since he admitted through his guilty plea all of the facts

2

necessary to support his sentence, including the three-year term of supervised release. Booker, 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt." (emphasis added)).

Finally, even if Defendant is correct that his original sentence or his term of supervised release is infected by legal error, this Court no longer enjoys jurisdiction to correct such an error. United States v. Penna, 319 F.3d 509, 510- 12 (9th Cir. 2003); United States v. Barragan-Mendoza, 174 F.3d 1024, 1029 (9th Cir. 1999). To the extent that Defendant challenges the legality or constitutionality of the sentence itself, the only forum to raise such a challenge is on direct appeal or through a habeas petition, see 28 U.S.C. § 2255, if an application for such relief can be timely made.

For all of these reasons, Plaintiff's motion to set aside this Court's revocation of his supervised release is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 30, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE